# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-93 (DWF/FLN) |
| | Civil No. 17-4980 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Paul McCurry, a/k/a Paul Wesley McCurry, a/k/a Paul McCurry, Jr., | |
| Petitioner-Defendant. | |

This matter is before the Court upon Petitioner-Defendant's Second Motion to Stay filed on May 18, 2018. (Doc. No. 85.) The Government opposes Petitioner-Defendant's motion to stay his § 2255 motion pending the United States Supreme Court's decision in *Stokeling v. United States*, 684 F. App'x 870 (11th Cir. 2017), *cert. granted*, 86 U.S.L.W. 3492 (U.S. Apr. 2, 2018) (No. 17-5554). (Doc. No. 87.)

## BACKGROUND

This Court sentenced Petitioner-Defendant to 180 months' imprisonment on October 23, 2015 pursuant to his plea of guilty to possessing a firearm as a convicted felon. (Doc. No. 62.) Admittedly, Petitioner-Defendant's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e) after the Court determined that he had three prior convictions for qualifying violent felonies.

Petitioner-Defendant appealed the sentence of this Court and the Eighth Circuit affirmed his sentence on August 9, 2016. *United States v. McCurry*, 832 F.3d 842 (8th Cir. 2016). The Supreme Court denied Petitioner-Defendant's petition for a writ of certiorari on February 21, 2017. (Doc. No. 77.) Petitioner-Defendant then filed his timely § 2255 motion nine months later, pursuant to 28 U.S.C. § 2255, to vacate and correct his sentence. Petitioner-Defendant asserts that because of recent caselaw in the Eighth Circuit, his prior convictions for first-degree aggravated robbery and attempted first-degree aggravated robbery under Minnesota law no longer qualify as predicate offenses under the ACCA and he should therefore be resentenced without the enhanced penalty which would create a maximum sentence of 10 years instead of a mandatory minimum of 15 years. As the parties acknowledge, this is Petitioner-Defendant's second motion to stay the proceedings before this Court. At the time of his first stay, Petitioner-Defendant had initially asked for a stay because several cases in the Eighth Circuit addressing whether Minnesota's robbery statute met the ACCA's definition of a violent felony were pending before the Eighth Circuit and the outcome on one of those cases could have been controlling in this case and affected his sentence. (Doc. No. 80.) At that time, the Government did not object to the motion, which the Court granted. (Doc. No. 83.)

As the parties are aware, the Eighth Circuit subsequently decided several pending cases in a manner that can be properly characterized as consistent with the Government's interpretation of a violent felony with respect to the Minnesota robbery statute. As observed by both parties, in January and April 2018, the Eighth Circuit held that the

Minnesota simple robbery statute—and therefore necessarily including Petitioner-Defendant's crime of Minnesota First Degree Aggravated Robbery—qualified as a predicate offense under the ACCA. *United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018); *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018). As a result of those cases, on May 10, 2018, the Government filed its initial responsive pleading, requesting that the Court dismiss Petitioner-Defendant's § 2255 motion based upon those Eighth Circuit cases. (Doc. No. 84.)

Then, on May 18, 2018, Petitioner-Defendant filed his second motion to stay the proceedings before this Court. (Doc. No. 85.) Petitioner-Defendant's motion is predicated on the Supreme Court's recent decision to grant a petition for writ of certiorari in *Stokeling v. United States*, 138 S. Ct. 1438 (Apr. 2, 2018), a case which involved a Florida robbery statute and whether it qualified as an ACCA predicate.

Both parties seem to agree that the language of the Florida robbery statute at issue in *Stokeling* is very similar to the language upon which the Eighth Circuit decided that the Minnesota robbery statute required the threshold level of force to be an ACCA predicate. As both parties have stated, in *Stokeling*, the Supreme Court will be addressing the following question:

> Is a state robbery offense that includes "as an element" the common law requirement of overcoming "victim resistance" categorically a "violent felony" under [ACCA] if the offense has been specifically interpreted by state appellate courts to require only slight force to overcome resistance?

Petition for Writ of Certiorari, *Stokeling*, 138 S. Ct. 1438 (No. 17-5554), *available at* http://www.scotusblog.com/case-files/cases/stokeling-v-united-states/.

**DISCUSSION**

Both parties acknowledge that the Florida robbery statute at issue in *Stokeling* is similar to the language upon which the Eighth Circuit has relied in deciding that the Minnesota robbery statute requires the requisite level of force to qualify as an ACCA predicate. It is this Court's conclusion that there is more than a slight likelihood that the Supreme Court's decision will potentially affect and influence the analysis of the Minnesota robbery statute under the ACCA. Consequently, the Court concludes that, especially given the current sentence of Petitioner-Defendant, there would be no prejudice to either party if the Court granted a second stay, which the Court has concluded would be a proper exercise of its discretion. Admittedly, the Court understands that even a defense-favorable decision will not automatically resolve the issue, but the Court concludes there is a substantial likelihood that it will clarify this important issue and, in so doing, will serve the interests of justice and the best interests of the Government and Petitioner-Defendant. The Court would also note that the Eighth Circuit Court of Appeals recently granted a stay, as asserted by Petitioner-Defendant, pending the *Stokeling* decision, in a case similar, if not identical, to the circumstances before this Court. *United States v. Mork*, No. 18-1425 (8th Cir. 2018). Of course, the Court acknowledges that the Government preserves its right to argue once the Supreme Court reaches a decision in *Stokeling* and, unrelated to *Stokeling*, that Petitioner-Defendant is procedurally defaulted from bringing this claim because he did not raise it in his direct appeal. The Court will address that issue once the Supreme Court has reached its decision in *Stokeling*.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.  Petitioner-Defendant's second motion to stay his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. [85]) is **GRANTED**.

2.  The Court reserves the right to set a status hearing in this matter at the request of either party depending on when the U.S. Supreme Court reaches its decision in *Stokeling*.

Dated: July 13, 2018            s/Donovan W. Frank
                                                DONOVAN W. FRANK
                                                United States District Judge