## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

                Respondent-Plaintiff,

v.

Paul McCurry
a/k/a Paul Wesley McCurry
a/k/a Paul McCurry, Jr.,

                Petitioner-Defendant.

Criminal No. 13-93 (DWF/FLN-1)
Civil No. 17-4980 (DWF)

**MEMORANDUM
OPINION AND ORDER**

---

James S. Becker, Assistant Federal Defender, Federal Defender's Office, counsel for Petitioner-Defendant.

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court upon Paul McCurry's ("Petitioner-Defendant") Third Motion to Stay his § 2255 motion pending the outcome of Eighth Circuit Court of Appeals cases applying the legal principles articulated in the United States Supreme Court's decision in *Stokeling v. United States*, 138 S. Ct. 544 (2019) to relevant Minnesota statutes. (Doc. No. [90]). The Government opposes the motion (Doc. No. [92]). For the reasons set forth below, the Court denies Defendant's motion for an extension of the stay of his § 2255 motion.

**BACKGROUND**

The general factual background and procedural history in this matter are more fully set forth in the Court's previous Order granting Petitioner-Defendant's second motion to extend the stay of proceedings (Doc. No. 89) and incorporated herein by reference. Briefly summarized: This Court sentenced Petitioner-Defendant to 180 months' imprisonment on October 23, 2015 pursuant to his plea of guilty to possessing a firearm as a convicted felon. (Doc. No. 62.) As he concedes, Petitioner-Defendant's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e) after the Court determined that he had three prior convictions for qualifying violent felonies.

Following Petitioner-Defendant's unsuccessful appeal of his sentence and the Supreme Court's denial of certiorari (*see United States v. McCurry*, 832 F.3d 842 (8ᵗʰ Cir. 2016); Doc. No. 77), Petitioner-Defendant timely filed a motion under 28 U.S.C. § 2255 to vacate and correct his sentence. (Doc. No. 79.)

As the parties acknowledge, this is the Petitioner-Defendant's third motion to stay the proceedings in this court. Petitioner-Defendant initially requested a stay because several cases addressing whether Minnesota's robbery statute met the ACCA's definition of a violent felony were pending before the Eighth Circuit and a controlling decision in one of those cases could have favorably affected his. (Doc. No. 80.) At that time, the Government did not object to the motion, which the Court granted. (Doc. No. 83.)

The Eighth Circuit then decided several pending cases in a manner that can be properly characterized as consistent with the Government's interpretation of a violent

felony with respect to the Minnesota robbery statute. *See United States v. Libby*, 880

F.3d 1011 (8th Cir. 2018); *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018).

Petitioner-Defendant filed his second motion to stay pending the Supreme Court's

decision in *Stokeling*. (Doc. No. 85.) The Government opposed the motion, citing the

Eight Circuit's decisions in *Libby* and *Pettis*. (Doc. No. 87.) The Court granted the

second motion to stay because the parties agreed that the language of the statute in

question in *Stokeling* was substantially similar to the language in the Minnesota robbery

statute, and therefore there was more than a slight likelihood that the Supreme Court's

decision would potentially affect and influence the Court's analysis of the Minnesota

robbery statute under the ACCA.

The Supreme Court has since released its opinion in *Stokeling*, which can be

categorized as consistent with the Government's interpretation of the relevant statutory

language, and Petitioner-Defendant has filed this third motion to stay in anticipation of

the Eighth Circuit's response to that decision. (Doc. No. 90.) The Government contends

in their opposition to this motion that there is no further justification for delay as the

caselaw has been settled by the Eighth Circuit's decisions in *Libby* and *Pettis* as well as

the Supreme Court's decision in *Stokeling*. (Doc. No. 92.)

## DISCUSSION

Since the Supreme Court released their opinion in *Stokeling*, Petitioner-Defendant

has continued to argue that the caselaw on the issue of whether the Minnesota robbery

statute qualifies as a predicate offense for purposes of the ACCA has still not been settled

in the Eighth Circuit. Petitioner-Defendant claims that *Stokeling* stands for the

proposition that "any state robbery statute that permits a conviction for a 'sudden snatch' does not fit under the ACCA force clause." (Doc. No. 90 at 7.) Petitioner-Defendant relies upon *State v. Burrell*, 506 N.W.2d 34 (Minn. App. 1993) to support his claim that Minnesota law allows for robbery convictions in this "sudden snatch" scenario, meaning that a conviction under the statute in question does not meet the force requirement of a predicate offense under the ACCA. (Doc. No. 90 at 7.)

Eighth Circuit decisions issued since the previous motion for an extension of the stay of proceedings make clear that the Minnesota robbery statute in question requires as an element a level of force that meets the definition of a violent felony under the ACCA. *See, e.g. Taylor v. United States*, 926 F. 3d 939 (8th Cir. 2019), *United States v. Pettis*, 139 S. Ct. 1258 (2019) (denying certiorari of case below)); *see also United States v. Pittman*, 2019 WL 3451696, at \*1 (8th Cir. July 31, 2019), *United States v. Williams*, 926 F.3d 966 (8th Cir. 2019), *United States v. Robinson*, 925 F.3d 997 (8th Cir. 2019) (construing the identical force clause of the United States Sentencing Guidelines). A stay in this situation would improperly and unduly delay the proceedings.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Petitioner-Defendant Paul McCurry's third motion to stay his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. [90]) is **DENIED**.

2.      The parties shall submit supplemental briefing on this matter no later than September 9, 2019.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date:  August 12, 2019                                   s/Donovan W. Frank
                                                          DONOVAN W. FRANK
                                                          United States District Judge