# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-93 (DWF/FLN-1) |
| | Civil No. 17-4980 (DWF) |
| Respondent-Plaintiff, | |
| v. | |
| | **MEMORANDUM** |
| Paul McCurry | **OPINION AND ORDER** |
| a/k/a Paul Wesley McCurry | |
| a/k/a Paul McCurry, Jr., | |
| Petitioner-Defendant. | |

James S. Becker, Assistant Federal Defender, Federal Defender's Office, counsel for Petitioner-Defendant.

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court upon Paul McCurry's ("Petitioner-Defendant") Motion under 28 U.S.C. § 2255 to vacate and correct his sentence. (Doc. No. 79). The Government opposes the motion. (Doc. No. 84). For the reasons set forth below, the Court respectfully denies Petitioner-Defendant's motion.

## BACKGROUND

The general factual background and procedural history in this matter are more fully set forth in the Court's previous Order granting Petitioner-Defendant's second motion to extend the stay of proceedings (Doc. No. 89) and incorporated herein by

reference. Relevant here, on October 23, 2015, the Court sentenced Petitioner-Defendant to 180 months' imprisonment to be followed by five years' supervised release pursuant to his plea of guilty to possessing a firearm as a convicted felon. (Doc. No. 62.) Petitioner-Defendant's sentence was enhanced under the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e) after the Court determined that he had three prior convictions for qualifying violent felonies. (Doc. No. 63 ("Stmt. Reasons"), Sec. I, B.3.)

Specifically, Petitioner-Defendant's criminal history includes a 2005 conviction for First Degree Aggravated Robbery, in violation of Minn. Stat. § 609.245 subd. 1, a 2005 conviction for Attempted First Degree Aggravated Robbery, also in violation of Minn. Stat. § 609.245. subd. 1, and a 2007 conviction for Domestic Assault by Strangulation, in violation of Minn. Stat. § 609.2247 subd. 2. (Doc. No. 79 at 4.) Petitioner-Defendant now challenges the counting of his two aggravated robbery convictions as ACCA predicates.

Following Petitioner-Defendant's unsuccessful appeal of his sentence and the Supreme Court's denial of certiorari (*see United States v. McCurry*, 832 F.3d 842 (8th Cir. 2016); Doc. Nos. 74, 77), Petitioner-Defendant timely filed a motion under 28 U.S.C. § 2255 to vacate and correct his sentence. (Doc. No. 79.)

Petitioner-Defendant requested a stay because several cases addressing whether Minnesota's robbery statute met the ACCA's definition of a violent felony were pending before the Eighth Circuit and a controlling decision in one of those cases could have

2

favorably affected his matter. (Doc. No. 80.) At that time, the Government did not object to the motion, which the Court granted. (Doc. No. 83.)

The Eighth Circuit then decided several cases in a manner that can be properly characterized as consistent with the Government's interpretation of a violent felony with respect to the Minnesota robbery statute. *See United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018); *United States v. Pettis*, 888 F.3d 962 (8th Cir. 2018). Petitioner-Defendant filed his second motion to stay pending the Supreme Court's decision in *Stokeling*. (Doc. No. 85.) The Government opposed the motion, citing the Eight Circuit's decisions in *Libby* and *Pettis*. (Doc. No. 87.) The Court granted the second motion to stay because the parties agreed that the language of the statute in question in *Stokeling* was substantially similar to the language in the Minnesota robbery statute, thus there was more than a slight likelihood that the Supreme Court's decision would potentially affect and influence the Court's analysis of the Minnesota robbery statute under the ACCA.

The Court denied Petitioner-Defendant's third motion to stay following the Supreme Court's *Stokeling* opinion and a series of opinions issued by the Eighth Circuit that have clarified the issues in this case. (Doc. No. 93). The parties did not submit supplemental briefing on this matter.

Petitioner-Defendant claims that two of the three prior convictions considered predicates for sentencing purposes no longer qualify as such under the force clause of the ACCA. The Government contends that Petitioner-Defendant's arguments with respect to Minnesota's first degree aggravated robbery statute were procedurally defaulted because there was no shift in law that would warrant consideration of an issue not raised on direct

appeal, and in any case, Petitioner-Defendant's claims are without merit in light of recent Eighth Circuit opinions confirming that Petitioner-Defendant was subject to sentencing enhancements under the ACCA due to his criminal record.

## DISCUSSION

I.     **Section 2255 Legal Standard**

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As elaborated below, Petitioner-Defendant's claims do not describe any fundamental constitutional, jurisdictional, or other severe defect in his sentence.

## II. ACCA

The Armed Career Criminal Act of 1984 instructs that if a defendant has three previous convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1).

A "violent felony" is defined under the ACCA as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). In its pivotal *Johnson* decision, the Supreme Court held that § 924(e)(2)(B)(ii), known as the residual clause, is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Supreme Court reinforced prior opinions holding that the preceding clause, the so-called elements clause, remains in force and that courts must use the categorical approach to determine if a prior conviction is a predicate, assessing "whether a crime qualifies as a violent felony in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* at 2557 (internal quotation marks and citation omitted).

Recent Eighth Circuit decisions make clear that the Minnesota robbery statute in question requires as an element a level of force that meets the definition of a violent felony under the ACCA. *See, e.g. Taylor v. United States*, 926 F. 3d 939 (8th Cir. 2019), *United States v. Pettis*, 139 S. Ct. 1258 (2019) (denying certiorari of case below)); *see*

5

*also United States v. Pittman*, 2019 WL 3451696, at *1 (8th Cir. July 31, 2019), *United States v. Williams*, 926 F.3d 966 (8th Cir. 2019), *United States v. Robinson*, 925 F.3d 997 (8th Cir. 2019) (construing the identical force clause of the United States Sentencing Guidelines). The Eighth Circuit has analyzed Minnesota's first degree aggravated robbery statute using the categorical approach, explaining that "by its terms," Minnesota's statute "minimally requires that a defendant communicate a threat of violent force," and as such, its elements "categorically present a 'violent felony' under the ACCA." *Libby* at 1016.

Petitioner-Defendant has three previous convictions that qualify as violent felonies as defined by the ACCA. Consequently, Petitioner-Defendant has failed to show that he is entitled to the relief requested.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). No hearing is necessary when the record is clear. *Latorre v. United States*, 193 F.3d 1035, 1038 (8th Cir. 1999). Applying this standard to the Petitioner-Defendant's claims and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882 83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Paul McCurry's Motion to Vacate and Correct his Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. [79]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November 13, 2019
                                         s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         United States District Judge