## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                          Criminal No. 13-93 (DWF/FLN-1)

                 Plaintiff,

v.                                                              **MEMORANDUM**
                                                      **OPINION AND ORDER**
Paul McCurry,

                 Defendant.

---

Paul McCurry, *Pro Se*

Amber M. Brennan, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

---

## INTRODUCTION

This matter is before the Court upon Defendant Paul McCurry's ("McCurry") self-styled motion to reduce his sentence.[1] (Doc. No. 97 ("Motion").) The Government opposes McCurry's Motion. (Doc. No. 101.) For the reasons set forth below, the Court respectfully denies McCurry's motion.

---

[1] McCurry also submitted a letter, largely similar to his Motion, further explaining his request for relief. (Doc. No. 100 ("Letter").) Both McCurry's Motion and Letter cite the Supreme Court's holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) as grounds for a sentence reduction. (Motion at 1; Letter at 1.) While McMurry does not cite a specific statute to support his Motion, the Court grants deference to him as a *pro se* litigant and construes it pursuant to 28 U.S.C. § 2255 as a request to vacate and correct his sentence. "A document filed *pro se* is to be liberally construed." *United States v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted)).

## BACKGROUND

On October 23, 2015, this Court sentenced McCurry to 180 months' imprisonment to be followed by five years of supervised release pursuant to his plea of guilty to possessing a firearm as a convicted felon.  (Doc. No. 62.)  McCurry's sentence was enhanced under the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e) after the Court determined that he had three prior convictions for qualifying violent felonies.[2]  (Doc. No. 63, Sec. I, B.3.)

McCurry appealed the sentence of this Court; however, the Eighth Circuit affirmed his sentence on August 9, 2016.  *United States v. McCurry*, 832 F.3d 842 (8th Cir. 2016).  The Supreme Court denied McCurry's petition for a writ of certiorari on February 21, 2017.  (Doc. No. 77.)  Nine months later, McCurry timely filed a motion under 28 U.S.C. § 2255 to vacate and correct his sentence on the grounds that his two aggravated robbery convictions did not count as ACCA predicates.[3]  (Doc. No. 79.)

---

[2]     Specifically, McCurry's criminal history includes a 2005 conviction for First Degree Aggravated Robbery, in violation of Minn. Stat. § 609.245 subd. 1, a 2005 conviction for Attempted First Degree Aggravated Robbery, also in violation of Minn. Stat. § 609.245. subd. 1, and a 2007 conviction for Domestic Assault by Strangulation, in violation of Minn. Stat. § 609.2247 subd. 2.  (Presentence Investigation Report ¶¶ 38, 39, 43; *see also* Doc. No. 79 at 4.)

[3]     The same day, McCurry filed a motion to stay his § 2255 proceedings because several cases addressing whether Minnesota's robbery statute met the ACCA's definition of a violent felony were pending before the Eighth Circuit and a controlling decision in one of those cases could have favorably affected his matter.  (Doc. No. 80.)

In January and April 2018, the Eighth Circuit held that the Minnesota simple robbery statute—and therefore necessarily including McCurry's crime of Minnesota First Degree Aggravated Robbery—qualified as a predicate offense under the ACCA.  *United States v. Libby*, 880 F.3d 1011 (8th Cir. 2018); *United States v. Pettis*, 888 F.3d 962 (8th

Citing several Eighth Circuit decisions which made clear that the Minnesota robbery statute in question required as an element a level of force that met the definition of a violent felony under the ACCA, the Court concluded that the contested prior convictions qualified as violent felonies under the ACCA and denied his § 2255 motion. (Doc. No. 93 (citing *Taylor v. United States*, 926 F. 3d 939 (8th Cir. 2019), *United States v. Pettis*, 139 S. Ct. 1258 (2019) (denying certiorari of case below)); *see also United States v. Pittman*, 2019 WL 3451696, at *1 (8th Cir. July 31, 2019), *United States v. Williams*, 926 F.3d 966 (8th Cir. 2019), *United States v. Robinson*, 925 F.3d 997 (8th Cir. 2019) (construing the identical force clause of the United States Sentencing Guidelines)).)

McCurry now moves for a reduction in sentence based on the Supreme Court's holding in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[4]  (Motion at 1.)  McCurry

---

Cir. 2018).  Consequently, the Government argued that McCurry's § 2255 motion should be dismissed.  (Doc. No. 84.)  On May 18, 2018, McCurry filed a second motion to stay his § 2255 proceedings predicated on the Supreme Court's decision to grant a petition for writ of certiorari in *Stokeling v. United States*, 138 S. Ct. 1438 (Apr. 2, 2018), a case which involved a Florida robbery statute (worded similarly to the Minnesota statute) and whether it qualified as an ACCA predicate.  (Doc. No. 85.)  The Court found that because there was a substantial likelihood that *Stokeling* would affect and influence the analysis of the Minnesota robbery statute under the ACCA, an additional stay was warranted. (Doc. No. 89.)

The Court denied McCurry's third motion to stay following the Supreme Court's *Stokeling* opinion and a series of opinions issued by the Eighth Circuit that clarified the issues in McCurry's § 2255 motion.  (Doc. No. 93.)

[4]     In *Rehaif*, the Supreme Court held that to convict a felon or other prohibited person of possession of a firearm under 18 U.S.C. § 922, the Government must prove both that the defendant had knowledge that the firearm was in his possession, and that he knew of his prohibited status at the time he possessed the firearm.  131 S. Ct. at 2200.

argues that because *Rehaif* requires a defendant's knowledge of his status as an element of a § 922(g) offense, this Court should reduce his 15-year sentence. (*Id.*)

## DISCUSSION

Under 28 U.S.C. § 2255, a prisoner "may move the court which imposed [his] sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

*Id.* If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). After filing an initial § 2255 action:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> !
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Without appellate authorization, the district court lacks jurisdiction to consider a successive habeas motion.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Here, McCurry previously filed a § 2255 motion that was denied.  (*See* Doc. Nos. 79, 93).  The record does not reflect that he has obtained the required authorization from the Eighth Circuit Court of Appeals to file a second or successive § 2255 motion.[5] Accordingly, McCurry's Motion is respectfully denied because the Court lacks jurisdiction to consider it.[6]  *Burton*, 549 U.S. at 153.

## CONCLUSION

For the reasons set forth above, the Court respectfully denies McCurry's Motion. In short, because McCurry has failed to obtain the required authorization from the Eighth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to

---

[5]     Further, the *Rehaif* decision is unlikely to provide a basis for successive §2255 relief because while it interprets a statute, it does not announce a new constitutional rule. *See, e.g.*, *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (finding that *Rehaif* did not provide a new rule of Constitutional law, and even if it did, it was not made retroactive by the Supreme Court); s*ee also Khamisi-El v. United States,* 800 F. App'x 344, 2020 WL 398520, at *4 (6th Cir. Jan. 23, 2020) (stating "*Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'"); *In re Sampson,* 954 F.3d 159, 161-62 (3d Cir. Mar. 25, 2020) (finding that a defendant could not receive permission to file a second or successive section 2255 petition for a *Rehaif* issue because *Rehaif* is not a new rule of constitutional law under section 2255(h), and noting that even if *Rehaif* were grounded in constitutional law, it had not been made retroactive by the Supreme Court).

[6]     To the extent that McCurry's Motion may be construed as anything other than a request for relief pursuant to § 2255, the Eighth Circuit has consistently held that defendants "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."  *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002) (collecting cases); *Boyd v. United States*, 304 F.3d 813, 824 (8th Cir. 2002).

consider it.  Notwithstanding, *Rehaif* is unlikely to provide a basis for successive § 2255 relief because it is a matter of statutory interpretation, not a new rule of constitutional law.

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise dully advised in the premises, the Court hereby enters **IT IS HEREBY ORDERED** that Defendant Paul McCurry's self-styled Motion to Reduce Sentence (Doc. No. [97]) is respectfully **DENIED**.

Date:  August 19, 2020                              s/Donovan W. Frank
                                                                DONOVAN W. FRANK
                                                                United States District Judge