**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,                                        Criminal No. 13-93 (DWF)

        Plaintiff,

v.                                                                        **MEMORANDUM**
                                                                          **OPINION AND ORDER**

Paul McCurry,

        Defendant.


## INTRODUCTION

This matter is before the Court on Defendant Paul McCurry's *pro se* motions for

compassionate release.  (Doc. No. 108, 117.)  The United States of America (the

"Government") opposes the motions.  (Doc. No. 111.)  The Court dismisses McCurry's

motions without prejudice because the Court lacks authority to consider them.

## BACKGROUND

McCurry was charged with being an armed career criminal in possession of a

firearm on April 22, 2013.  (Doc. No. 1.)  He pleaded guilty to that charge on

February 24, 2014.  (Doc. No. 43.)  On October 5, 2015, this Court sentenced McCurry to

a 180-month prison term to be followed by a five-year term of supervised release.  (Doc.

No. 62.)  McCurry is currently incarcerated at USP Lee with an anticipated release date

of November 11, 2026.  *Find an Inmate.*, Fed. Bureau of Prisons,

https://www.bop.gov/inmateloc (last visited Mar. 20, 2025).

McCurry filed a motion for early release (Doc. No. 108), which the Court

construes as a motion for compassionate release, and an amendment to that motion (Doc.

No. 117).  In those motions, McCurry requests compassionate release based on

rehabilitation, family circumstances, medical circumstances, and changes in the law.

### DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment

if it finds that "extraordinary and compelling reasons warrant such a reduction."

18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances;

(2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while

in custody; (5) other extraordinary and compelling reasons that exist either separately or

in combination with the previously described categories; and (6) an unusually long

sentence.  U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a reduction of sentence is

appropriate when "the defendant is not a danger to the safety of any other person or to the

community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with

[the Sentencing Commission's] policy statement."  *Id.* § 1B1.13(a).  The Court must also

consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they

are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the

burden to establish that they are eligible for compassionate release.  *United States v.*

*Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentence reduction only after complying with an

exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move

for a sentence reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice. *Id.*

Here, McCurry has not shown that he exhausted his administrative remedies. His first motion makes no reference to sending a prior request to his warden. His second motion summarily states that he submitted a "formal" and "informal" request for compassionate release which were ignored by his warden. (Doc. No. 117 at 1.) McCurry has not provided any details about when such a request was sent or attached any exhibits demonstrating that he sent a request. Without more, the Court cannot assume that McCurry did in fact make such a request and that the request was filed at least 30 days prior to the filing of his first motion. The Government properly raised the exhaustion issue in its response. (Doc. No. 111 at 5.) Accordingly, the Court must dismiss McCurry's motion because it lacks authority to consider his request.

McCurry may file again after he first exhausts his administrative remedies or provides more information about how he has already exhausted his administrative remedies. However, the Court notes that even if he had properly exhausted his administrative remedies, the Court could not grant compassionate release based on the

3

current filings.  First, rehabilitation cannot be the basis for compassionate release.

28 U.S.C. § 944(t).  Second, courts require additional evidence or explanation to find

extraordinary and compelling reasons for compassionate release based on family

circumstances, medical circumstances, or a change in the law.  Lastly, McCurry's

conviction under 18 U.S.C. § 922(g) is not unconstitutional.  *See United States v.*

*Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024).

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY**

**ORDERED** that Defendant Paul McCurry's motions for compassionate release (Doc.

Nos. [108], [117]) are **DISMISSED WITHOUT PREJUDICE**.


Dated:  March 21, 2025                              s/Donovan W. Frank
                                                   DONOVAN W. FRANK
                                                   United States District Judge

4