UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-93 (DWF/FLN) |
| | Civil No. 25-250 (DWF) |
| Respondent-Plaintiff, | |
| v. | MEMORANDUM |
| | OPINION AND ORDER |
| Paul McCurry, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Paul McCurry's *pro se* motion to vacate under 28 U.S.C. § 2255. (Doc. No. 114.) The United States of America (the "Government") responded by filing a motion to dismiss McCurry's motion. (Doc. No. 118.) On April 10, 2025, the Eighth Circuit Court of Appeals denied McCurry's request for authorization to file a second or successive habeas application. (Doc. No. 126.) For the reasons set forth below, the Court grants the Government's motion and dismisses McCurry's motion.

## DISCUSSION

McCurry was charged with being an armed career criminal in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) on April 22, 2013. (Doc. No. 1.) He pleaded guilty to that charge on February 24, 2014. (Doc. No. 43.) On October 5, 2015, this Court sentenced McCurry to a 180-month prison term to be followed by a five-year term of supervised release. (Doc. No. 62.) McCurry is currently incarcerated at

USP Lee with an anticipated release date of November 11, 2026.  *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Apr. 17, 2025).

McCurry filed a second or successive motion to vacate under 18 U.S.C. § 2255, in which he challenges his conviction and sentence based on alleged changes in the law on 18 U.S.C. § 922(g).  (Doc. No. 114 at 1.)  The Government argues that his motion should be dismissed for lack of jurisdiction because McCurry does not have authorization from the Eighth Circuit.  (Doc. No. 118.)

Under § 2255, a federal prisoner may not file a second or successive § 2255 motion unless they receive prior authorization from "a panel of the appropriate court of appeals."  28 U.S.C. § 2255(h).  McCurry did not receive the required authorization from the Eighth Circuit.  Instead, the Eighth Circuit denied his authorization request.  Thus, the Court is obligated to dismiss McCurry's motion for lack of jurisdiction.[1]

## EVIDENTIARY HEARING

A § 2255 motion can be dismissed without a hearing when:  (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998).  Applying that standard to the McCurry's allegations and the record in this case, the Court concludes that no evidentiary hearing is required.

---

[1]     Moreover, the Eighth Circuit recently affirmed the constitutionality of § 922(g) in *United States v. Jackson*, 110 F.4th 1120 (8th Cir. 2024), so McCurry's motion would also fail on the merits.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken to a court of appeals from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, the Court concludes that no issue raised is debatable among reasonable jurists. Therefore, McCurry has not made the substantial showing necessary for the issuance of a COA.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Government's motion to dismiss (Doc. No. [118]) is **GRANTED**.

2. Petitioner-Defendant Paul McCurry's motion to vacate under 28 U.S.C. § 2255 (Doc. No. [114]) is **DISMISSED FOR LACK OF JURISDICTION**.

3. No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 25, 2025            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge